IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADAM AUSTINO | : | CIVIL ACTION |
| v. | : | |
| CITY OF VINELAND, et al. | : | NO. 20-1151 |

MEMORANDUM

Bartle, J.                                              September 2, 2020

      Plaintiff Adam Austino has sued defendants City of Vineland, as well as Anthony Fanucci, Gregory Pacitto, and the Policemen's Benevolent Association, Local 266 ("PBA") ("defendants"). Plaintiff alleges two separate claims for relief: (1) violation of his First Amendment rights under 42 U.S.C. § 1983; and (2) violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1, et seq. ("CEPA"). Before the court is the motion of defendant PBA to dismiss it as a defendant for plaintiff's failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

I

      The following facts are alleged in the amended complaint and are taken as true for present purposes. Plaintiff is employed as a Captain by defendant City of Vineland's Police Department ("VPD") located in Vineland, New Jersey. While working for VPD, plaintiff was also a member of PBA, the union

that represents all police personnel employed at VPD.  Defendant Gregory Pacitto is a Sergeant employed at VPD and the former president of PBA.  Defendant Anthony Fanucci is the Mayor of the City of Vineland.

Plaintiff alleges that during "multiple occasions" he reported to state and local authorities that defendants have engaged in "corrupt actions."  As a result of his complaints, he claims that defendants "conspired with one another" to retaliate against him.  Relevant to this motion, plaintiff alleges that defendants retaliated against him because he complained to state and local authorities that:  (1) in 2012 the executive board of Local 266 was embezzling funds; (2) in 2015 a VPD Chief embezzled funds for personal and pollical activities; (3) the VPD Street Crimes Unit was engaging in improper practices; (4) in December 2016 he was falsely accused of wiretapping PBA members; (5) in June 2017 he was the improper target of an internal affairs complaint; (6) in late 2017 the Chief of Police did not impose strict enough discipline against certain officers who conducted illegal body camera searches; (7) another officer was promoted to Deputy Chief instead of him; (8) in November 2018, he was the target of a draft complaint that certain members of PBA wanted to file but never did; (9) in 2018 and 2019 two officers violated an order given by plaintiff; and

2

(10) the hiring of an outside investigator to look into plaintiff's complaint was improper.

II

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a mere formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, see id. at 570, such that the court may "draw the reasonable inference that the defendant is liable for the

misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (citing Twombly, 550 U.S. at 556).

### III

Defendant PBA first asserts that it should be dismissed as a defendant because it is not a person subject to suit under 42 U.S.C. § 1983. The PBA argues that while "individual members of Local 266 may qualify as persons under 42 U.S.C. § 1983, Local 266, as an entity, is not a 'person' and should be dismissed" by the Court. Plaintiff counters that PBA is a person under 42 U.S.C. § 1983 because unions are state actors when they have conspired with other state actor defendants to deprive plaintiff of his rights.

42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color or any statute, ordinance, regulation, custom, or usage of any State... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity or other proper proceeding for redress.

Our Court of Appeals has held that unions are generally not state actors for the purposes of § 1983. See Jackson v. Temple Univ., 721 F.2d 931 (3d Cir. 1983). One exception to this generalization is when the union has affirmatively conspired with state actors to deprive a plaintiff of his or her rights.

4

See Johnson v. Int'l Bhd. of Teamsters, Local 380, 256 Fed. Appx. 481 (3d Cir. 2007).  Our Court of Appeals has also explained that:

> To make out a § 1983 conspiracy claim, the plaintiff must make specific factual allegations of a combination, agreement, or understanding among all or between any of the defendants to plot, plan, or conspire to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right.

Fioriglio v. City of Atlantic City, 185 F.3d 861 (3d Cir. 1998). The complaint cannot simply offer "only conclusory allegations concerning an alleged conspiracy among the defendants." See Schlichten v. County of Northampton, 279 Fed. Appx. 176 (3d Cir. 2008).

Here, plaintiff asserts that he has sufficiently alleged that PBA "has conspired with other defendants to deprive him of his First Amendment rights." In support, plaintiff points to paragraphs 1, 10-16, 29-43, and 53-62 of the complaint.[1] The PBA responds that the paragraphs in question are overbroad and conclusory and therefore, fail to meet the test

---

[1] Paragraphs 42, 43, and 62 of the complaint have been sealed until further order of the Court. See Doc. # 31. These paragraphs provide specific details regarding plaintiff's investigation of certain police officers. The paragraphs do not relate to any particular claims against the PBA. Accordingly, we need not discuss them here.

5

for an exception to the rule that unions are not persons for the purposes of a § 1983 claim.

Paragraphs 1, 10, and 11 simply provide conclusory statements of the claims against the various defendants. Paragraphs 12-16 describe some of the "corrupt actions" of certain defendants. Paragraphs 29-41 do not name the PBA with specificity or show that it plotted, planned, or conspired to carry out the alleged chain of events in order to deprive plaintiff of a federally protected right. Paragraphs 53-61 reference a "draft complaint" that "falsely alleged that plaintiff had committed criminal acts" and an outside investigation undertaken by defendant City of Vineland. None of these paragraphs avers how the PBA affirmatively conspired with any of the other defendants in this matter to deprive plaintiff of his constitutionally protected rights. See Johnson, 256 Fed. Appx. at 481. Even if, as alleged, one of the PBA's officers somehow conspired with another defendant to deprive plaintiff of his constitutional rights, it does not mean that the union itself as an entity conspired against him. Plaintiff's allegations in these particular paragraphs are mere generalizations and broad conclusions. Plaintiff fails to provide "specific factual allegations" of either an agreement or understanding involving the PBA. See Fioriglio, 185 F.3d at 861.

6

Accordingly, plaintiff's claim under § 1983 will be dismissed as to the PBA.

IV

With respect to plaintiff's CEPA claim, defendant PBA asserts that it is "nothing more than a collective bargaining unit" and does not meet the definition of employer under the CEPA. Plaintiff contends that the PBA is subject to liability under CEPA because its "actions were so intertwined with other defendants that PBA was a virtual decision maker along with other defendants" when they conspired against plaintiff.

The CEPA prohibits an employer from taking any retaliatory action[2] against an employee who reports suspected illegal activity. See N.J.S.A. § 34:19-3. The statute defines "employer" as:

> [A]ny individual, partnership, association, corporation or any person or group of persons acting directly or indirectly on behalf of or in the interest of an employer with the employer's consent and shall include all branches of State Government, or the several counties and municipalities thereof, or any other political subdivision of the State, or a school district, or any special district, or any authority, commission, or board or any other agency or instrumentality thereof.

---

[2] CEPA defines "retaliatory action" as: a "discharge, suspension or demotion of an employee, or other adverse employment action taken against an employee in the terms and conditions of employment." N.J.S.A. § 34:19-2(e).

7

N.J.S.A. § 34:19-2(a).  While the definition of "employer" is broad, "there is nothing in the statute that indicates it encompasses labor unions."  See Figueroa v. City of Camden, 580 F. Supp. 2d 390, 406 (D.N.J. 2008) (citing Anjelino v. New York Times Co., 200 F.3d 73, 95 (3d Cir. 1999)).

The CEPA also defines an "employee" as:

> [A]ny individual who performs services for and under the control and direction of an employer for wages or other remuneration.

N.J.S.A. § 34:19-2(b).

It is clear that plaintiff is not an employee of the PBA.  Indeed, plaintiff is employed by the City of Vineland Police Department and his daily work is conducted on its behalf, not on behalf of the PBA.  While there are understandably benefits to being part of an union, that does not mean that a union member is an union employee.  The Court will grant the motion of defendant PBA to dismiss plaintiff's claim under the CEPA.