IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ADAM AUSTINO | : | CIVIL ACTION |
| v. | : | |
| CITY OF VINELAND, et al. | : | NO. 20-1151 |

MEMORANDUM

Bartle, J.                                                September 14, 2020

Plaintiff Adam Austino has sued defendants City of Vineland, as well as Anthony Fanucci, Gregory Pacitto, and the Policemen's Benevolent Association, Local 266 ("PBA") ("defendants"). Plaintiff alleges claims for relief for: (1) violation of his First Amendment rights under 42 U.S.C. § 1983; and (2) violation of the New Jersey Conscientious Employee Protection Act, N.J.S.A. § 34:19-1, et seq. ("CEPA"). On September 2, 2020, this Court dismissed the PBA as a defendant for plaintiff's failure to state a claim against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. See Doc. # 33. Before the court is the motion of the remaining defendants City of Vineland, Anthony Fanucci, and Gregory Pacitto likewise to dismiss the complaint for failure to state a claim under Rule 12(b)(6).

I

The following facts are alleged in the complaint and are taken as true for present purposes. Plaintiff is employed

by defendant City of Vineland as a Captain in its Police Department ("VPD"). While working for VPD, plaintiff was also a member of PBA, the union that represents all police personnel employed at the VPD. Defendant Gregory Pacitto is a Sergeant with the VPD and the former president of PBA. Defendant Anthony Fanucci is the Mayor of Vineland.

      Plaintiff avers that on "multiple occasions" he reported to state and local authorities that defendants have engaged in "corrupt actions." As a result of his complaints, he claims that defendants "conspired with one another" to retaliate against him. Specifically, plaintiff alleges that defendants retaliated against him because he complained to state and local authorities that: (1) the executive board of the PBA and a VPD Chief of Police had embezzled funds; (2) the VPD Street Crimes Unit engaged in improper practices; (3) he was falsely accused of wiretapping PBA members; (4) he was the improper target of an internal affairs complaint; (5) the Chief of Police did not impose strict enough discipline against certain officers who conducted illegal body searches; (6) plaintiff was passed over for a promotion on two separate occasions; (7) he was the target of a draft complaint that certain members of the PBA wanted to file but never did; (8) certain officers violated an order given by plaintiff; and (9) the hiring of an outside attorney to look into plaintiff's complaints was improper.

II

When reviewing a motion to dismiss under Rule 12(b)(6), the court "accept[s] as true all allegations in plaintiff's complaint as well as all reasonable inferences that can be drawn from them, and [the court] construes them in a light most favorable to the non-movant." Tatis v. Allied Interstate, LLC, 882 F.3d 422, 426 (3d Cir. 2018) (quoting Sheridan v. NGK Metals Corp., 609 F.3d 239, 262 n. 27 (3d Cir. 2010)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Although a complaint need not contain detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a mere formulaic recitation of the elements of a cause of action will not do. Twombly, 550 U.S. at 555. Thus, the factual allegations must be sufficient to raise a plaintiff's right to relief above a speculative level, such that the court may "draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662 (2009) (internal citations and quotations omitted).

III

We first turn to plaintiff's claims that defendants violated his First Amendment rights under 42 U.S.C. § 1983, which provides, in relevant part:

> Every person who . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . .

42 U.S.C. § 1983. Although its language is broad, Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal citations and quotations omitted).

Defendants argue that this count of the complaint should be dismissed on a number of grounds. We focus on defendant's contention that the count is time-barred.[1]

---

[1] Plaintiff contends that the statute of limitations is irrelevant because he seeks "damages for the retaliation he suffered in the [] years prior to the filing of this complaint" and that the "evidentiary record that supports [his] claims of retaliation go beyond the [] statute of limitations." He further states, without any citation or authority, that when determining whether he suffered retaliation, the "whole record needs to be reviewed" as the complaint "reveals ongoing antagonism from the time he first reported corruption up to the present." This argument is without merit.

4

The statute of limitations for a Section 1983 claim is "governed by the statute of limitations that applies to personal injury tort claims in the state in which such a claim arises." Kach v. Hose, 589 F.3d 626, 639 (3d Cir. 2009). Under New Jersey law, personal injury actions are subject to a two-year limitations period. See N.J.S.A. § 2A:14-2(a). The Supreme Court has explained that if a complaint on its face shows that relief is time-barred, it should be dismissed for failure to state a claim. Jones v. Bock, 549 U.S. 199, 215 (2007).

Here, the complaint was initially filed on February 3, 2020.[2] It contains numerous specific allegations relating to the exercise of plaintiff's right to speak and to the subsequent retaliation by defendants. The following events all clearly occurred before February 4, 2018 so that any claim relating to them is out of time:

> (1) in 2012, plaintiff reported that the executive board of the PBA was embezzling funds and in response defendants obstructed plaintiff's investigation and subjected him to repeated harassment and ridicule;

---

[2] On March 17, 2020, pursuant to a Court Order, plaintiff filed a redacted version of the original complaint. See Doc. # 16.

5

(2) in 2015, plaintiff reported that the Chief of Police had embezzled funds and in response he was demoted to a less desirable tour of duty in the Internal Affairs Unit ("IAU");

(3) in December 2016, plaintiff undertook efforts to stop abuses and violations committed by the Street Crimes Unit of the VPD and in response, defendants falsely accused plaintiff of wiretapping PBA members and defendant Pacitto filed a "critical incident report" against plaintiff with the IAU;

(4) in December 2016, plaintiff requested the Chief of Police to disband the Street Crimes Unit which the Chief of Police ignored as retaliation, but the Street Crimes Unit was later disbanded by the next Chief of Police;

(5) on June 30, 2017, plaintiff filed a notification that he believed he was being retaliated against by defendants; and

(6) at the end of 2017, plaintiff investigated an illegal body cavity search done by a fellow officer and in response, defendants intervened to lessen disciplinary actions against said officer and in December 2017, defendants promoted the

>> officer who had done the illegal body search to Captain over plaintiff.

Since these claims are all time-barred, we need not consider whether they would otherwise survive a motion to dismiss.

> Defendants next argue that any remaining allegations of retaliation after February 3, 2018 against defendant PBA should be dismissed "for the reasons stated in PBA's motion to dismiss." As noted above, on September 2, 2020, this Court dismissed the PBA as a defendant in this matter because the PBA, as an union, is not a state actor, nor a "person" subject to suit under 42 U.S.C. § 1983. <u>See</u> Doc. # 33. Thus, the following allegations against the PBA for retaliation are no longer part of this action:

>> (1) on November 28, 2018, the PBA "trumped false allegations in a draft complaint naming plaintiff" alleging he committed criminal acts, but never filed the draft complaint in court;

>> (2) on May 22, 2019, the PBA filed a grievance against plaintiff alleging that he changed the schedule of an officer while the officer was on military leave; and

>> (3) the PBA filed other retaliatory grievances against plaintiff as a result of his reporting of "corrupt actions" of defendants.

7

Plaintiff also alleges that he engaged in other protected speech after February 3, 2018 for which he was the subject of retaliation. The complaint describes this protected speech after February 3, 2018 as follows:

(1) in August 2018, plaintiff filed a grievance through the Vineland Police Captain's Association requesting that his CEPA complaint from 2017 be investigated;

(2) between November 2018 and September 2019, plaintiff reported to the Cumberland County Prosecutor's Office and the New Jersey Attorney General's Office that defendant City of Vineland had engaged in insurance fraud;

(3) in May 2019, he filed another grievance with defendant City of Vineland claiming that the PBA grievance regarding military officer leave was another form of retaliation; and

(4) in July 2019, plaintiff filed a separate grievance with several parties alleging that an investigation being conducted by a City-hired-attorney into actions of plaintiff was in violation of New Jersey law.

As a result of these grievances, plaintiff asserts that defendants retaliated by not promoting him to Deputy Police

Chief in February 2019 and by hiring an outside attorney to investigate him in May 2019.

Defendants argue that the two retaliatory allegations against the City of Vineland, Anthony Fanucci, and Gregory Pacitto after February 3, 2018 should be dismissed because: (1) the federal court is not the forum to adjudicate the merits of plaintiff's labor grievance; and (2) an internal investigation, in and of itself, does not qualify as adverse employment actions for First Amendment purposes.  We agree.

As to the failure to promote plaintiff, the Supreme Court has stated that the First Amendment does not "constitutionalize the employee grievance."  Connick v. Myers, 461 U.S. 138, 154 (1983).  Indeed plaintiff concedes in his complaint that "on February 14, 2019, [he] filed a grievance regarding the denial of promotion with defendant [City of] Vinland's Personnel Director."  Plaintiff has utilized the appropriate grievance process available to him to complain about and resolve this employment dispute.  The federal court is not an appropriate vehicle to continue to litigate this issue under Section 1983.

Finally plaintiff alleges that the outside attorney investigation is an adverse employment action.  Plaintiff is incorrect.  "Investigations, separate from any negative consequences that may result from them, do not generally

9

constitute adverse employment actions." Rosati v. Colello, 94 F. Supp. 3d 704, 714 (E.D. Pa. 2015). Significantly, plaintiff does not aver that he has suffered any form of adverse employment action as a result of the investigation.

Accordingly, we will dismiss the remaining two retaliatory allegations against defendants for plaintiff's failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. As a result, we need not reach the remaining arguments of the defendants.

IV

Plaintiff also asserts state law claims under CEPA. This New Jersey statute provides, in relevant part:

> An employer shall not take any retaliatory action against an employee because the employee . . . discloses, or threatens to disclose to a supervisor or to a public body an activity, policy or practice of the employer, or another employer, with whom there is a business relationship, that the employee reasonably believes . . . is in violation of a law . . .

N.J.S.A. § 34:19-3c.

This court declines to exercise its supplemental jurisdiction over these claims now that all of plaintiff's asserted federal claims under Section 1983 are being dismissed. When a court has done so, it has the discretion to decline to exercise supplemental jurisdiction over any remaining state-law claims. See 28 U.S.C. § 1367(c)(3). Where, as here, the

federal claims are dismissed at an early stage of litigation, declination of supplemental jurisdiction is appropriate. See Kach v. Hose, 589 F.3d 626, 650 (3d Cir. 2009). Accordingly, the CEPA state-law claim will be dismissed without prejudice to plaintiff's right to pursue said claims in the state court.